MCF

Michael C. Farkas, Esq., PLLC

P: 212.760.8400 • F: 212.760.8403 • E: mfarkas@farkaslawfirm.com

32 Court Street, Suite 408
Brooklyn, New York 11201

546 5th Avenue, 6th Floor
New York, New York 10036

August 6, 2026

Via ECF

Hon. Kiyo A. Matsumoto
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Pirrello, et. al.
23 CR 499

Your Honor:

Please accept this letter as defendant Pirrello's and defendant Passalaqua's motions to continue both the *Fatico* hearing (currently scheduled for September 3, 2026) and the parties' expert disclosure deadline (currently scheduled for August 7, 2026).

The defense previously moved for similar relief by letter motion dated July 2, 2026, to which the government did not object (*see* Docket Entry 161). By Order dated July 7, 2026 the Court denied that part of the motion relating to the *Fatico* hearing, stating that the defendants had not, "shown good cause to continue the Fatico hearing, the date for which was set months earlier in early March of this year." The Court granted that part of the motion to continue the expert disclosure deadline and adjourned said deadline to August 7, 2026. Accordingly, this is the second request for such extensions by any relevant party.

The Court previously granted defendant Pirrello's *ex parte* applications to issue six subpoenas, the subject matter of which relates directly to the issues to be determined at the upcoming *Fatico* hearing. The return dates for five of these subpoenas, initially set for July 22, 2026 were extended to August 5, 2026. To date, one subpoenaed entity has provided an insufficient, limited production that it has agreed to supplement, and requested an extension of time to August 31, 2026 to do so, which the Court has granted; three entities requested extensions to August 31, 2026 to make their production or maintain initial objections, all of which the Court has granted; one entity just responded today, after making no contact since requesting an extension of the initial July 22, 2026 return date, stating that it anticipates making its production tomorrow; and one entity

made its initial production yesterday, August 5, 2026, which defendant Pirrello has begun assessing to determine its sufficiency.

Defendant Pirrello and counsel have acted diligently and in good faith, making every effort to secure the subpoenaed entities' compliance and expeditiously prepare for the upcoming *Fatico* hearing. In order to properly do so, however, we must have adequate time to obtain sufficient productions of the necessary data from the subpoenaed entities; all parties must have sufficient time to digest, analyze, and review said data with their respective potential experts, and solicit and identify additional experts in the event that the data raises issues beyond the expertise of the parties' current prospective experts; and the parties must craft sufficient expert disclosures based on such experts' comprehensive analysis of the subpoenaed data, which will in turn reflect the experts' competent readiness to proceed at the *Fatico* hearing. The issues to be determined at said hearing are complex and involve potentially voluminous technical data, requiring significant time to analyze and prepare.

I note that while the defense has not shared the details of the subpoenas with the government, we have discussed their existence in general and the planning necessary for both sides to be properly prepared for expert disclosures and the *Fatico* hearing, which includes our open and mutual understanding that materials received via subpoena by the defense will be provided to the government. Indeed, such discussions informed the government's decision not to object to the defense's first continuance request back on July 2, 2026, and similarly informs the government's view of this current application.

Under the circumstances detailed herein, therefore, there is good cause to continue the dates for the *Fatico* hearing and its appurtenant deadlines, to include the parties' expert disclosure. Such continuance is reasonable and necessary to ensure the parties' competence to proceed. The parties are not able to provide substantive expert disclosures by August 7th, nor is it forseeable that they can be ready to proceed with the *Fatico* hearing on September 3rd.

After conferring with the government and coordinating schedules with the parties' potential expert witnesses, the defendants propose the following schedule, which accounts for our understanding of the Court's trial schedule in the month of November[1][2]:

- September 30, 2026: expert disclosure deadline
- October 20, 2026: deadline to file written submissions pertaining to the issues to be determined at the *Fatico* hearing
- December 10 or 11, 2026 or the following week: *Fatico* hearing
- Week of January 4, 2027 or the following week: sentencing

[1] The parties believe that they can conduct the *Fatico* hearing in early November and the sentencing in early December, however, we understand that the Court will be on trial for approximately the first 2-3 weeks of November. Additionally, counsel for Mr. Passalaqua will be in trial beginning on November 13, 2026 for approximately one week.

[2] The prior scheduling orders in this matter were either issued orally or via ECF memorandum. Accordingly, I have not attached a separate proposed Revised Scheduling Order.

I am advised by AUSA James Simmons that the government does not object to these requests.

Thank you for your consideration.

Very truly yours,

Michael C. Farkas