McCarter & English

Christopher D. Adams
Partner
T. 973-849-4053
cadams@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
www.mccarter.com

October 13, 2026

**VIA ECF**

Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***United States of America v. Pirrello, Jr., et al.***
**Criminal Action No. 1:23-cr-00499 (KAM)**

Dear Judge Matsumoto:

As Your Honor is aware, this firm represents Defendant Joseph Passalaqua ("Mr. Passalaqua") in the above-captioned matter. Mr. Passalaqua respectfully joins in and adopts the arguments set forth in the joint submission filed by Raymond J. Pirrello, to the extent those arguments are applicable to Mr. Passalaqua. Mr. Passalaqua incorporates those arguments herein by reference and respectfully requests that the Court consider them in determining the appropriate loss amount calculation in this case. We also write, however, at the Court's request, to provide additional context regarding Mr. Passalaqua's position with respect to the Government's loss amount analysis.

The Government bears the burden of establishing by a preponderance of the evidence that its loss calculation reflects a "reasonably foreseeable pecuniary harm" resulting from the offense. *See* U.S.S.G. § 2B1.1 cmt. n.3(A)(i). Any such calculation must rest upon a legally sufficient evidentiary basis. Simply put, in the event the Government fails to satisfy this modest burden of proof, then the Government has necessarily failed to demonstrate any supportable loss calculation at all.

Here, the Government has failed to establish its burden by a preponderance of the evidence. More specifically, the Government's loss calculation is fundamentally flawed because it fails to account for numerous critical variables—namely, that the subject fund entities possessed legitimate assets, active business operations, and independent investment value. These variables are critical to any good-faith loss amount calculation supportable by a reasonable acknowledgement of the facts in this case. But the Government has failed to account for them at all. Thus, because the Government's methodology ignores these highly relevant factors, the actual or intended loss cannot be reasonably determined based on the current record. Accordingly, the Court should find that the Government has failed to meet its baseline evidentiary burden and that the appropriate loss amount is therefore zero.

For the avoidance of doubt, it is Mr. Passalaqua's position that, because the Government has failed to satisfy its burden with respect to its loss calculation, that the Court cannot attribute

any loss amount to Mr. Passalaqua's conduct. However, in the event the Court rejects this position with respect to the Government's failure to satisfy its baseline evidentiary burden, the Government's own calculation of loss amount nevertheless remains unsupportable. At worst, because a loss amount cannot be reasonably determined, the Court should look only to the Mr. Passalaqua's *gain* resulting from the offense as the reasonable measure of loss under U.S.S.G. § 2B1.1 cmt. n.3(B). Here, according to the Government, the measurable gain attributable to Mr. Passalaqua is $1.7 million. Thus, if the Government is able to prove by a preponderance of the evidence that the measurable gain is $1.7 million, under the amended, inflation-adjusted loss table of U.S.S.G. § 2B1.1(b)(1)(H) of the November 1, 2026 Guidelines Manual, an amount over $750,000 but not exceeding $2,000,000 justifies only a 14-level increase. This increase is significantly lower than the Government's own unsubstantiated calculations and, at the very least, more accurately reflects the scope of Mr. Passalaqua's offense conduct. Nevertheless, Mr. Passalaqua believes even this more thoughtful approach to loss calculation exceeds the appropriate loss amount of zero -- because the Government has plainly failed to satisfy its burden by a preponderance of the evidence.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Christopher D. Adams*
Christopher D. Adams (*pro hac vice*)
Marjan Moussavian
Zachary R. Cimring (*pro hac vice*)
Susan M. Smalley