McCarter & English

Christopher D. Adams
Partner

T. 973-849-4053

cadams@mccarter.com

McCarter & English, LLP

Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056

www.mccarter.com

November 11, 2026

**VIA ECF**

Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***United States of America v. Pirrello, Jr., et al.***
**Criminal Action No. 1:23-cr-00499 (KAM)**

Dear Judge Matsumoto:

As Your Honor is aware, this firm represents Defendant Joseph Passalaqua ("Mr. Passalaqua") in the above-captioned matter. We write jointly with Defendant Raymond J. Pirrello ("Mr. Pirrello") in response to the Government's November 11, 2026 opposition to Defendants' Motion to Continue the *Fatico* hearing. For the reasons set forth below, Defendants respectfully request that the Court grant the Motion and adjourn the *Fatico* hearing to January 21 or 22, 2027.

As an initial matter, the Government has been aware for several weeks that Defendants require a continuance because their expert witnesses are unavailable at various times. The availability of the witnesses was set forth in the parties' joint submission to the Court on October 28, 2026. However, in opposing the requested continuance, the Government emphasizes that this is Defendants' fifth request to adjourn the *Fatico* hearing, that approximately eight months have elapsed since Defendants pleaded guilty, that Robert Cassino's sentencing is scheduled for January 6, 2027, and that "one of the undersigned attorneys will be on parental leave beginning on or about January 18, 2027." None of these outweigh Defendants' need to have their experts available for a hearing at which the loss amount will be contested. While Defendants wish to resolve this matter just as much as the Government does, Defendants cannot fairly litigate the disputed loss amount without their experts present. Although the Government bears the burden of proving the loss amount, Defendants must have a meaningful opportunity to challenge the Government's evidence and rebut its loss calculation. Proceeding while either of the Defendants' experts are unavailable would materially impair that opportunity.

Further, the fact that this is Defendants' fifth request for an adjournment does not establish that Defendants have engaged in unnecessary delay. First, the most recent request arose under tragic and wholly unforeseen circumstances: three days before the scheduled *Fatico* hearing, Mr. Passalaqua's younger brother was murdered. The Government consented to that continuance. (ECF No. 217). Indeed, absent that tragedy, Defendants were fully prepared to proceed with the *Fatico* hearing on October 27, 2026. Further, each prior request was supported by legitimate circumstances, and the Government did not object to them. The request made on July 2, 2026 was necessitated by the voluminous data and evidence at issue, and the Government did not object. (ECF No. 161). The request made on August 6, 2026 was necessary to permit Defendants to obtain

and review documents responsive to subpoenas, and the Government again did not object. (ECF No. 183). The request on August 13, 2026, arose because lead counsel for Mr. Passalaqua had a previously scheduled and prepaid trip to Portugal during the *Fatico* hearing, after which the parties conferred regarding dates in late October. (ECF No. 192).

The present request flows directly from the unforeseen circumstance that resulted in the adjournment request following the death in Mr. Passalaqua's family and is not the result of any lack of diligence by Defendants. The abrupt rescheduling necessitated by the murder of Mr. Passalaqua's brother unfortunately affected the availability of Defendants' experts, who had preexisting commitments and are now unavailable on the rescheduled hearing date. Defendants should not be deprived of the ability to present and rely upon their experts because an unforeseeable tragedy required the prior hearing date to be adjourned. Put differently, Defendants were prepared to proceed with their experts on October 27; their present unavailability exists only because circumstances entirely beyond Defendants' control made that hearing impossible.

Moreover, Defendants respect the Government's position that the victims have an interest in finality. But that interest must be balanced against Defendants' rights to a meaningful opportunity to contest the Government's loss calculation at the *Fatico* hearing. Indeed, a short adjournment of a few weeks does not impact finality. Courts have recognized that denial of a continuance may constitute an abuse of discretion where the requested adjournment is necessary to secure the testimony of an unavailable, material witness. *See Merker v. Rice*, 649 F.2d 171, 172 (2d Cir. 1981) (finding that the court abused its discretion in dismissing the plaintiff's action when its witness was unavailable to testify); *Singleton v. Lefkowitz*, 583 F.2d 618, 619 (2d Cir. 1978) (reversing the district court's decision to deny an adjournment because the "adjournment was necessary to secure the presence of a vital witness who was unavailable"). The same concern is present here: denying the requested continuance would require Defendants to proceed on a disputed and consequential loss issue without the experts they retained to address that very issue.

Accordingly, Defendants respectfully request that the Court grant the Motion to Continue and reschedule the *Fatico* hearing for January 21 or 22, 2027. Defendants do not anticipate seeking any further adjournment of the hearing.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Christopher D. Adams*
Christopher D. Adams (*pro hac vice*)
Marjan Moussavian
Zachary R. Cimring (*pro hac vice*)
Susan M. Smalley
*Counsel for Joseph Passalaqua*

*/s/ Michael C. Farkas*
Michael C. Farkas
*Counsel for Raymond Pirrello*